# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MICHAEL DONALD OWSLEY,                   )
Register No. 122118,                     )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        No. 04-4132-CV-C-NKL
                                         )
JILL McGUIRE, Superintendent of          )
Tipton Correctional Center, et al.,      )
                                         )
                    Defendants.          )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On April 19, 2005, a report was entered by the court recommending that the motion of defendants McGuire, Draffen, Thomas, Guerra, Marshall, Barnett, Eidson and Howard to dismiss for plaintiff's failure to exhaust administrative remedies be granted. On May 31, 2005, plaintiff filed objections to the recommendation and, subsequently, defendants filed a response.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) is designed to reduce the quantity and improve the quality of prisoner suites, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case. *Porter v. Nussle*, 534 U.S. 516, 516-17 (2002). *See also Johnson v. Jones*, 340 F.3d 624, 626-27 (2003).

Upon consideration of plaintiff's objections, which includes a complete record of his exhausted administrative grievance filings, the court vacates its recommendation of dismissal. Based upon the administrative grievance records submitted, the court finds that, although plaintiff's administrative grievances did not specifically request relief for claims that defendants failed to protect him from the assault by his cell-mate, such grievance records were sufficient to put defendants on notice of such potential claims, and gave prison officials the opportunity to address such complaints. Plaintiff's grievance filings, although primarily addressing the issues of denial of medical care and being forced to work despite his disabilities, did sufficiently reference the August 2003 assault upon plaintiff and allegations that such assault was the result of prison officials' failure to take action, and therefore, this court finds defendants' motion to dismiss plaintiff's failure-to-protect claims for failure to exhaust administrative remedies should be denied.

IT IS, THEREFORE, ORDERED that the April 19, 2005, recommendation is vacated [21]. It is further

RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies be denied [13].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 26th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2