IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| MICHAEL DONALD OWSLEY, Register No. 122118, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-4132-CV-C-NKL |
| JILL McGUIRE, Superintendent of Tipton Correctional Center, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Michael Donald Owsley, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.

On February 17, 2006, Tipton Correctional Center (TCC) defendants Jill McGuire, Vanessa Draffen, Merlin Thomas, Ernestine Guerra, Sheila Marshall, Bonnie Barnett, Bill Eidson, and Dianna Howard filed a motion for summary judgment. On that same date, Correctional Medical Services (CMS) Health Services Administrator Cynthia Schupp also filed a motion for summary judgment. Plaintiff filed responses to the motions and defendants filed replies.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S.

at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

*Overview of Facts*

In May 2003, plaintiff was assigned to be the bunkmate of fellow prisoner, McCoy. Plaintiff subsequently advised Missouri Department of Corrections caseworkers Thomas and Draffen that his snoring was irritating his bunkmate and requested a bed move. In June 2003, plaintiff's bunkmate was given a conduct violation for attempting to assault another inmate, and was assigned to segregation. While plaintiff's bunkmate McCoy was in segregation, plaintiff requested an administrative bed move because he believed McCoy was no longer stable, and was likely to attack another inmate upon release from segregation. On August 25, 2005, plaintiff filed a written request for a bunk move. On August 26, 2005, plaintiff was assaulted by his bunkmate McCoy.

*Failure to Protect - Thomas, Draffen and Guerra*

It is well settled that prison officials have a duty to protect inmates in their custody from attacks by other inmates. "Subjecting prisoners to violent attacks . . . shocks modern sensibilities and serves no legitimate penological purpose." Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984). Prison officials may be held liable for violating an inmate's constitutional right if the deprivation is "objectively, 'sufficiently serious'" and if the officials acted with "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). The appropriate test for deliberate indifference is "subjective recklessness" as that term is used in criminal law. Id. at 839-40. Thus, a prison official may be held liable for failing to protect a prisoner only if the official subjectively knows the inmate faces "a substantial risk of

2

serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment. Id. at 838. Moreover, prison officials who respond reasonably to known risks may not be held liable under the Eighth Amendment, even if their response fails to prevent injury. Id. at 844-45.

In applying the failure-to-protect standard, a material fact dispute arises regarding plaintiff's claims against caseworker defendants Thomas and Draffen. Although Draffen and Thomas state that plaintiff failed to notify them that he felt he was in any danger, or of any specific or immediate threats by his bunkmate McCoy; plaintiff states he, in fact, specifically stated he was being threatened by his bunkmate and needed a bed move before McCoy returned from his assignment to administrative segregation. Therefore, because there is a dispute of material fact as to whether defendants Thomas and Draffen had been told or otherwise knew that plaintiff was being threatened by his bunkmate and that he had requested a bed move, which was denied, summary judgment should be denied as to defendants Draffen and Thomas. Giving plaintiff the benefit of all reasonable inferences, a reasonable jury could find that defendants Draffen and Thomas, with deliberate indifference, failed to move plaintiff, despite his notifying them of threats by his bunkmate, and specifically requesting that he be given a bed move before his bunkmate McCoy returned from administrative segregation.

In applying the failure-to-protect standard to plaintiff's claims against defendant Guerra, a dispute of material fact also arises. Guerra states she did not hear or see the assault on plaintiff until plaintiff approached the front guard's desk where she was seated. Plaintiff states he was yelling during the assault and that Guerra would have had to have heard the altercation which occurred during the middle of the night when all was quiet within the housing unit. Plaintiff provides an affidavit by a fellow prisoner, who was present the night of the assault, which states that plaintiff's bunk was partially in Guerra's line of sight, and that Guerra ignored the loud altercation, while other inmates, who were sleeping, were waking up to see what was happening. In taking the evidence in the light most favorable to the plaintiff, a reasonable jury could find that Guerra was aware of the assault on plaintiff by his bunkmate McCoy, and with deliberate indifference, failed to intervene or otherwise take action, or obtain prompt medical attention. Summary judgment should be denied as to defendant Guerra.

*Qualified Immunity - Thomas, Draffen and Guerra*

Defendants' argument for summary judgment entitlement based upon qualified immunity is not persuasive.  Saucier v. Katz, 533 U.S. 194 (2001), sets forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity.  The threshold question is, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. at 201.  The next step is to ask whether "the right was clearly established . . . in light of the specific context of the case."  Id.  "The question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."  Id. at 208.

As previously set forth by this court in the discussion above, a reasonable jury could find that defendants Thomas, Draffen and Guerra violated plaintiff's constitutional rights under the Eighth Amendment, and furthermore, that the right of prisoners to be protected from attack by other prisoners pursuant to the provisions of the Eighth Amendment has long been clearly established.  Therefore, pursuant to the two-part analysis of Saucier v. Katz, qualified immunity is not applicable to defendants Thomas, Draffen and Guerra.

*Summary Judgment Denied - Thomas, Draffen and Guerra*

Based upon the failure to establish entitlement to qualified immunity, and the dispute of material facts regarding plaintiff's Eighth Amendment claims, summary judgment is denied for defendants Thomas, Draffen and Guerra.

*No Supervisory Liability - McGuire, Marshall, Barnett, Eidson, Howard, and Schupp*

Taking the evidence in the light most favorable to the plaintiff, the undisputed evidence is that defendants Superintendent Jill McGuire, Correctional Officer Sheila Marshall, Sgt. Bonnie Barnett; Associate Superintendent Bill Eidson, and Assistant Superintendent Dianna Howard had no personal involvement in plaintiff's alleged denial of his constitutional rights, as related to the assault on plaintiff and his subsequent medical care.  Rather, plaintiff's claims alleging failure to protect and denial of medical treatment against these defendants are based upon their supervisory roles.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional

4

violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

In applying the standard for supervisory liability to plaintiff's claims against TCC defendants McGuire, Marshall, Barnett, Eidson, and Howard, no reasonable jury could find that these supervisory defendants, who were not present at the time of a assault on plaintiff, or aware of the alleged threats and request for bed move prior to the assault, were deliberately indifferent to plaintiff's health or safety with relation to the assault.

Plaintiff's claims alleging denial of medical care against CMS defendant, Health Services Administrator Cynthia Schupp, also fail under the standard for supervisory liability. Plaintiff has provided no evidence that defendant Schupp was charged with his medical care, or had any authority to substitute her judgment for that of a doctor. Rather, Schupp was a medical supervisor, who was merely notified the following day of the assault on plaintiff, and who subsequently responded to plaintiff's IRR's challenging doctors' refusal to provide him with medically unassigned status.

*Summary Judgment Granted - McGuire, Marshall, Barnett, Eidson, Howard, and Schupp*

Because there is no dispute of material fact that the roles of defendants Jill McGuire, Sheila Marshall, Bonnie Barnett, Bill Eidson, Dianna Howard, and Cynthia Schupp, were that of a supervisory nature only, and that these defendants lacked personal involvement in the alleged constitutional violations against plaintiff, these defendants are entitled to summary judgment as a matter of law.

IT IS THEREFORE, ORDERED that summary judgment is granted in favor of defendants Jill McGuire, Sheila Marshall, Bonnie Barnett, Bill Eidson, Dianna Howard, and Cynthia Schupp [72, 71]. It is further

ORDERED that summary judgment is denied as to defendants Ernestine Guerra, Merlin Thomas and Vanessa Draffen [71].

/s/
NANETTE K. LAUGHREY
United States District Judge

Dated: August 8, 2006
Jefferson City, Missouri