IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DONALD OWSLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-4132-VC-C-NKL |
| JILL MCGUIRE, et al., | ) |
| Defendants. | ) |

ORDER

On November 29, 2006, the Court entered judgment on a jury verdict in favor of all defendants in this civil rights case. On December 5, 2006, Plaintiff Michael Donald Owsley ("Owsley") moved for an extension of time to file a motion for new trial under Rule 59. Overlooking the prohibition in Rule 6(b) against extending the ten day limit provided in Rule 59(b), the Court improvidently extended the deadline until January 12, 2007. Owsley filed the pending Motion for New Trial [Doc. # 174] within the extended deadline but more than 10 days after judgment had been entered. Given the absolute time limits imposed by Rules 6(b) and Rule 59(b), Owsley's Motion must be denied as untimely notwithstanding the extension. However, as explained below, the Court concludes that the Motion would have been denied on the merits anyway even if it had been filed within ten days of the judgment.

1

**I.     Timing**

The Federal Rules of Civil Procedure provide that "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). Although Rule 6(b) generally allows the Court to extend deadlines imposed by the Federal Rules, that rule expressly provides that the Court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them." Fed. R. Civ. P. 6(b). The Eighth Circuit has held that district courts are without jurisdiction to hear Rule 59 motions filed after the ten-day limit. *See Berglee v. First Nat'l Bank*, 1997 U.S. App. LEXIS 1518, at *3 (8th Cir. 1997); *Sanders v. Clemco Industries*, 862 F.2d 161, 168 (8th Cir. 1988) ("if the motion is untimely made, beyond the ten-day period, the district court loses jurisdiction over that motion and any ruling upon it becomes a nullity"); *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (same). Other circuits have reached the same conclusion even where the district court purports to grant an extension. *See Schneider v. Fried,* 320 F.3d 396, 402 (3d Cir. 2003) ("Rule 6(b) of the Federal Rules of Civil Procedure clearly forbids a district court from extending the ten day time period in Rule 59(b)."); *Weitz v. Lovelace Health Sys.*, 214 F.3d 1175, 1179 (10th Cir. 2000) ("Rule 59 provides no exceptions to the ten-day rule. Thus, the district court lacked authority to grant Appellant's motion for additional time to file her Rule 59(e) motion."); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 84 (2d Cir. 2000) (the 10-day limit is "uncompromisable").

Defendant Henry Taylor raised the 10-day limit under Rule 59(b) and the uncompromising restrictions of Rule 6(b) in his response to Owsley's Motion. The time for a Reply has run and Owsely has provided the Court with no exception or argument to excuse the untimeliness of his motion. There is narrow set of "special circumstances" in which an untimely Rule 59 motion may extend the deadline for filing a notice of appeal: where a district court improvidently extends the time to file a motion for new trial and the appellant fails to file a timely notice of appeal in reliance on that extension, the tardiness of the notice of appeal may be excused. *See Schneider*, 320 F.3d at 403. However, the Court knows of no case in which such "special circumstances" excuse the untimely motion for new trial itself.

The Court entered judgment on the verdict on November 29, 2006. Owsley filed his Motion for New Trial on January 12, 2007, more than ten days later. Accordingly, the Motion must be denied as untimely under Rule 59(b).

**II.     Merits**

Owsley raises two grounds for granting a new trial in his motion: (A) the verdict was against the weight of the evidence, and (B) Jury Instruction No. 25 was given in error. Even if Owsley had filed his motion within the ten-day limit allowed by the Rules, or if his untimeliness were excused by the Court's improvidently granted extension, the grounds asserted would still be insufficient bases for granting a new trial.

    **A.     The Weight of the Evidence**

For a court to grant a new trial because the verdict was against the weight of the evidence, "the evidence must preponderate sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Bass*, 2007 U.S. App. LEXIS 4408 at *9 (8th Cir. Feb. 28, 2007) (internal quotation omitted). "When determining whether the evidence weighs heavily enough against the verdict to have resulted in a miscarriage of justice, the court may make its own credibility determinations." *Id.*

Owsley argues that no reasonable juror could have found that Defendant Guerra did not hear the fight in which he was injured, and therefore she was either asleep on duty or deliberately failed to come to his aid. The Court disagrees. The evidence at trial showed that Owsley was assaulted in a partitioned cubicle in the middle of a room with over 100 other inmates, that Guerra's station was 60 feet away, that there were many partial walls separating them, and that there were other noises in the room. Guerra testified that she did not hear the fight over the din of other sounds in the room and that the first indication she had of Owsley's injury was when he came to her desk and she called for aid. Her testimony was credible.

Owsely further argues that the verdict in favor of Guerra demonstrates that the jury was prejudiced against him because he was a prisoner and that such bias also undermines the verdict in favor of Defendants Draffen and Thomas. He claims that he made Draffen and Thomas aware of his fear of assault and that they did nothing to stop it from occurring. However, the only evidence that Owsley produced at trial was his own

4

testimony and some documentation that he requested a voluntary bed change. Both Draffen and Thomas testified that Owsley never told them that he believed he was in danger. Owsley testified that he did. The jury found the Defendants' testimony more credible and the Court cannot say that their finding was against the weight of the evidence.

Finally, Owsley asserts that no reasonable juror could have found that Defendant Taylor provided him adequate medical treatment. It is not entirely clear what about Taylor's treatment Owsley claims to have been inadequate other than that Taylor did not "acknowledg[e] or believ[e] Mr. Owsley's medical complaints." He argues in conclusory terms that had Taylor believed his complaints, his treatment would not have been inadequate. In addition, he argues that Taylor violated his disability rights by failing to recognize his disability. It is not clear from Owsley's motion what evidence produced at trial he believes could have enabled, let alone would have required, a finding of inadequate medical care or violation of disability rights. Moreover, neither medical negligence nor a violation of disability rights were theories argued at trial or submitted to the jury.[1] The case against Taylor was one for deliberate indifference to serious medical need. Taylor saw Owsley on only two occasions, September 18 and 23, 2003, both nearly a month after the beating at issue in this suit. On the first occasion, Taylor reviewed his records, performed a physical exam, prescribed medication, and made referrals for further care. Owsley himself stormed out of the second treatment session. There was no

---

[1]The Court addresses Owsley's contention that these issues should have been submitted to the jury in the following section.

evidence presented at trial that Taylor should have done anything differently. The jury found that Taylor was not deliberately indifferent to any serious medical need on either September 18 or 23, and the Court cannot say that the jury's finding was against the weight of the evidence.

### B. The Verdict Director

Owsley also contends that he should be granted a new trial because the verdict director against Taylor submitted in Jury Instruction No. 25 limited the jury's consideration of Taylor's deliberate indifference to the care provided on September 18 and 23, 2003. Owsley contends that Taylor's indifference extended beyond those dates because he failed to recognize Owsley's disability which required Owsley to continue working in the prison, further exasperating the injuries he sustained in the fight. Owsley offers no authority for the proposition that a failure to render a disability determination constitutes deliberate indifference to a serious medical need. Nor does he point to any evidence in the record which would even support a disability determination. Owsley conceded in his testimony that his claims relating to his disability determination were the subject of another law suit. He admitted that he had chosen not to add Taylor as a defendant to that action. He conceded that he had no factual basis for assuming that Taylor had any duty to make a disability determination. There was no evidence that after the fight Owsley ever asked Taylor to examine him for that purpose. Taylor testified that he was never asked to make a disability determination for Owsley, and that such determinations were not within his power to make.

6

Jury Instruction No. 25 reflected the Eighth Circuit's model instruction 4.31. The only point disputed by Owsley is the limitation in the first paragraph to the two dates of Taylor's treatment, a limitation which reflected the evidence presented at trial. "The district court has discretion in the style and wording of jury instructions so long as the charge as a whole fairly and adequately states the law." *Horstmyer v. Black & Decker*, 151 F.3d 765, 771 (8th Cir. 1998). Because Instruction No. 25 accurately reflected the law, Owsley is not entitled to a new trial.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for New Trial [Doc. # 174] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: March 29, 2007
Jefferson City, Missouri